**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First National Bank of Arizona,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Kislak National Bank, a national banking association; Kislak Financial Corporation, a Florida Corporation; Wyndham Lending Group, LLC; Robert C. Walsh; Jennifer Boyle; Dale Calomeni; Michael Kingdon; Eric Lapin; Jack Lehr; Rick Lohmeyer; Mike Rotscheld; Jim Schnaath; Frank Stadler; Mitch Whittington; Black Corporations I to X; White Partnerships I to X; John Does 1 to X; and Jane Does I to X,<br><br>　　　　Defendants. | No. 05-2354-PHX-EHC<br><br>**ORDER** |

Pending before the Court are Defendants Jennifer Boyle, Michael Kingdon, Mike Rotscheld and Wyndham Lending Group, LLC's Motion to Stay Litigation Pending Arbitration [dkt. 19] and Motion to Strike Plaintiff's Demand for Jury Trial [dkt. 33]. Pending before the Court is Defendants Kislak National Bank and Kislak Financial Corporation's Motion to Dismiss [dkt. 7] for lack of personal jurisdiction. The Motions are fully briefed.

**Motion to Stay Litigation Pending Arbitration**

Under the Arbitration Act, a district court must stay an action arbitrable under an arbitration agreement. 9 U.S.C. § 3. A stay is proper if "the issue involved is referable to arbitration under such an agreement and [] the applicant for the stay is not in default in

proceeding with such arbitration." Sink v. Aden Enters., 352 F.3d 1197, 1201 (9th Cir. 2003) (quotation omitted).

Defendants Boyle, Kingdon, and Rotscheld (Employee Defendants) are former employees of Plaintiff and current employees of Defendant Wyndham Lending Group. As a condition of employment, they entered into a Grievance, Arbitration and Termination Dispute Resolution Policy (Arbitration Agreement) with Plaintiff.

The Policy section of the Arbitration Agreement limits arbitrable disputes to those based on wrongful acts by the employer. That section provides as follows:

> **ALL DISPUTES INVOLVING ALLEGED UNLAWFUL EMPLOYMENT DISCRIMINATION, TERMINATION BY BREACH OF ALLEGED CONTRACT OR POLICY, OR EMPLOYMENT TORT COMMITTED BY EMPLOYER OR A REPRESENTATIVE OF EMPLOYER... SHALL BE RESOLVED PURSUANT TO THIS POLICY.**

[Dkt. 19, ex. A, p. 1 (emphasis in original)].

The Disputes Subject to Arbitration section of the Arbitration Agreement focuses on claims of the employee. "Dispute" is defined therein as "all claims or issues of which the employee is or should be aware."[Dkt. 19, ex. A, p. 3]. All such disputes are subject to arbitration:

> All disputes involving claims of alleged unlawful employment discrimination, termination by breach of alleged contract or policy, violations of federal or state discrimination statutes, governmental law, regulation, ordinance, or public policy, or employment tort are subject to arbitration.

[Dkt. 19, ex. A, p. 3]. An employer is only required to arbitrate its claims against an employee who has filed an arbitration action against the employer: "All Employer claims against that employee of which Employer is or should have been aware prior to submission to arbitration must also be submitted to arbitration." [Dkt. 19, ex. A, p. 3].

Only an employee can initiate arbitration under the Arbitration Agreement. An employee initiates arbitration by giving "written notice to the Director of Human Resources of Employer... The Notice shall state the nature of the employee's claim and the address which the employee will use for the purpose of arbitration." [Dkt. 19, ex. A, p. 5]. An employer's role is responsive: "Within fourteen (14) calendar days after the employee's notice is given, the Employer shall give the employee a written statement of any defense

1 and any counterclaim." [Dkt. 19, ex. A, p. 5]. There is no provision in the Arbitration
2 Agreement for the employer to initiate arbitration.

3 Based on those provisions, the Arbitration Agreement requires the Employee
4 Defendants to arbitrate their claims against Plaintiff; it does not require Plaintiff to arbitrate
5 its claims against the Employee Defendants.

6 Citing Circuit City Stores, Inc. v. Adams, 279 F.3d 889 (9th Cir. 2002), the Employee
7 Defendants argue that the Arbitration Agreement is unenforceable if only they- and not
8 Plaintiff- are required to arbitrate. Circuit City, 279 F.3d at 896, held that an arbitration
9 agreement requiring an employee- but not the employer- to arbitrate was unconscionable
10 and therefore could not be enforced. There is nothing in Circuit City suggesting that a
11 court can remedy a one-sided arbitration agreement by construing it to require the
12 employer to arbitrate its claims against the employee. Application of Circuit City to the
13 present case leads to the conclusion that the Arbitration Agreement is unenforceable;
14 neither the Employee Defendants nor Plaintiff can be forced to arbitrate under an
15 unenforceable agreement.

16 **Motion to Strike Jury Demand**

17 A party seeking jury trial of an issue must serve "upon the other parties a demand
18 therefor in writing… not later than 10 days after the service of the last pleading directed to
19 such issue." Fed. R. Civ. P. 38(b). The Ninth Circuit has held "that when defendants are
20 jointly liable on a cause of action that contains any issue triable of right by a jury, a jury
21 demand as to that issue is timely if served within 10 days after service of the last
22 defendant's answer." Bentler v. Bank of America, 959 F.2d 138, 141 (9th Cir. 1992)
23 (quotation omitted).

24 Plaintiff alleges that Defendants are jointly liable. [Dkt. 1, ex. A, p. 20]. Count One
25 was filed against Defendants Boyle, Calomeni, Kingdon, Lapin, Lehr, Schnaath,
26 Whittington, Lohmeyer, Stadler, and Rotscheld; Count Two was filed against Defendants
27 Kislak National Bank, Kislak Financial Corp., Wyndham Lending Group, and Walsh;
28

Counts Three through Seven were filed against all Defendants. [Dkt. 1, ex. A, pp. 11-19]. Because only Defendants Kingdon, Rotscheld and Wyndham Lending Group had filed an Answer [1] at the time Plaintiff filed its demand for jury trial [dkt. 1, exs. C-16 to C-18], the last pleading directed to each Count stated in the Complaint had not yet been served. Plaintiff's Demand for Jury Trial [dkt. 30] is timely.

**Motion to Dismiss**

Defendants Kislak National Bank and Kislak Financial Corporation (Kislak Defendants) filed a Motion to Dismiss [dkt. 7] for lack of personal jurisdiction. Plaintiff alleges that the Kislak Defendants are Florida citizens with their principal places of business in Miami, Florida. [Dkt. 1, ex. A, p. 2].

If, as here, there is no applicable federal statute, the court applies the personal jurisdiction statute of the state in which it sits. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). Under Arizona law, a court may exercise personal jurisdiction over parties to the extent permitted by the United States Constitution. Ariz. R. Civ. P. 4.2(a). The Constitution allows a court to exercise jurisdiction over non-resident parties who have minimum contacts with the forum state such that suit in the forum state does not offend "traditional notions of fair play and substantial justice." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).

Plaintiff, a provider of mortgages, alleges that the Kislak Defendants and Defendant Wyndham Lending Group encouraged employees of Plaintiff to leave Plaintiff and join the Kislak Defendants and Defendant Wyndham Lending Group to unlawfully compete with Plaintiff in the mortgage business. [Dkt. 1, ex. A, pp. 7-11]. Plaintiff specifically alleges that the Kislak Defendants and Defendant Wyndham Lending Group held a meeting "in Scottsdale, Arizona for the purposes of soliciting and hiring the employees from [Plaintiff's] Mortgage Division to directly compete with [Plaintiff] in the wholesale mortgage

---

[1] Defendant Richard Valgento filed an Answer [dkt. 1, ex. C-14], but he was subsequently dismissed.

- 4 -

business." [Dkt. 1, ex. A, p. 10]. Plaintiff further alleges that "approximately twenty-nine [of Plaintiff's] employees" resigned to accept positions with the Kislak Defendants and Defendant Wyndham Lending Group. [Dkt. 1, ex. A, p. 9]. The Kislak Defendants and Defendant Wyndham Lending Group "have used the employees they raided from [Plaintiff] to establish an office at 4800 North Scottsdale Road in Scottsdale, Arizona for purposes of directly competing with [Plaintiff] in the wholesale mortgage business." [Dkt. 1, ex. A, p. 10]. Plaintiff alleges that Plaintiff's employees provided the Kislak Defendants "with unauthorized access to and use of [Plaintiff's] customer and employee information and Trade Secrets for purposes of directly competing with [Plaintiff] in the wholesale mortgage business." [Dkt. 1, ex. A, p. 8]. If the Kislak Defendants did recruit Plaintiff's employees to obtain Plaintiff's proprietary information and unlawfully compete with Plaintiff, such action aimed toward an Arizona citizen[2] arguably is sufficient to make the exercise of personal jurisdiction reasonable. See Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1189 n.2 (9th Cir. 2002) (personal jurisdiction may be proper "if considerations of reasonableness dictate" (quotation omitted)).

Accordingly,

**IT IS ORDERED** that Defendants Jennifer Boyle, Michael Kingdon, Mike Rotscheld and Wyndham Lending Group, LLC's Motion to Stay Litigation Pending Arbitration [dkt. 19] and Motion to Strike Jury Demand [dkt. 33] are **DENIED**.

//

//

//

---

[2] Plaintiff is a national banking association with its principal place of business and corporate headquarters in Maricopa County, Arizona. [Dkt. 1, ex. A, p. 2]. A national banking association is a citizen of the state where its designated main office is located. Wachovia Bank v. Schmidt, __ U.S. __, 126 S. Ct. 941 (2006) (for purposes of diversity jurisdiction, national banking association with main office in North Carolina and branch office in South Carolina was only a citizen of North Carolina).

- 5 -

**IT IS FURTHER ORDERED** that Defendants Kislak National Bank and Kislak Financial Corporation's Motion to Dismiss [dkt. 7] is **DENIED**.

DATED this 13th day of April, 2006.

_____
Earl H. Carroll
United States District Judge